**RUI QU, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 07–0445–ag.**

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

Yimin Chen, New York, NY, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the May 7, 2007 due date specified in the scheduling order issued on March 6, 2007, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Rui Qu, a native and citizen of the People's Republic of China, seeks review of a January 10, 2007 order of the BIA affirming the June 6, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Qu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Qu*, No. A 97 978 414 (B.I.A. Jan. 10, 2007), *aff'g* No. A 97 978 414 (Immig. Ct. N.Y. City, June 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review de novo the BIA's and IJ's determinations that Qu failed to establish eligibility for asylum. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004) ("The BIA's application of law to undisputed facts is reviewed de novo."); *cf. Mirzoyan v. Gonzales*, 457 F.3d 217, 220 (2d Cir.2006) (per curiam) (determination of whether the facts meet the legal definition of persecution "is a mixed question of law and fact, which we review de novo").

■ As a preliminary matter, the record does not support the BIA's and IJ's findings that Qu firmly resettled in Cameroon, given the totality of the circumstances. *See Sall v. Gonzales*, 437 F.3d 229, 233–35 (2d Cir.2006). Although the IJ noted that Qu had a residence permit, and that he was able to work in the country for three and a half years, to attend church, and to return to China, she failed to address whether Qu intended to settle in Cameroon, whether he had family ties there, whether he had business or property connections that connoted permanence, and whether he enjoyed the legal rights that permanently settled persons can expect to have—all factors relevant to a firm resettlement finding. *Id.* at 235. Notwithstanding the deficiencies in the BIA's and IJ's firm resettlement findings, however, this case does not require remand because the BIA and IJ reasonably found that Qu failed to otherwise establish eligibility for asylum. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006).

■ The BIA and IJ correctly determined that Qu failed to establish eligibility for asylum based on his family planning claim. Despite Qu's testimony that his wife's alleged abortions were "forced," he failed to allege circumstances that would support such a claim. Because Qu failed to demonstrate past persecution, he was not entitled to a rebuttable presumption of a well-founded fear of persecution based on his family planning claim. 8 C.F.R. § 208.13(b)(1). Nor did he present an independent claim of a well-founded fear of persecution. Thus, on de novo review, we conclude that the agency properly denied Qu's application for asylum on the basis of his family planning claim.

■ Similarly, the BIA and IJ properly determined that Qu failed to establish eligibility for asylum on the basis of his religion claim. Qu testified that he was "not really legally arrested" for his participation in an underground church; rather, he was "brought" to the police station. He did not allege that the police physically

abused him or otherwise mistreated him while interrogating him. The BIA and IJ reasonably concluded that these circumstances did not rise to the level of persecution. *See In re Acosta,* 19 I. & N. Dec. 211, 216, 222 (B.I.A.1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive," inflicted by the government of a country or by persons or an organization that the government is unable or unwilling to control); *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (clarifying that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse).

■ Because Qu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicates. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.